DON B. REYNOLDS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Reynolds v. Commissioner
Docket Nos. 3582-67, 3583-67, 3654-68, 4540-68.
United States Tax Court
T.C. Memo 1977-181; 1977 Tax Ct. Memo LEXIS 263; 36 T.C.M. (CCH) 756; T.C.M. (RIA) 770181; June 13, 1977, Filed Thomas E. Morrison, for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: Respondent has filed a motion for summary judgment under Rule 121 *264 of the Court's Rules of Practice and Procedure in these consolidated cases which involve the following Federal income tax deficiencies and additions to tax under section 6653(b): [1]/ Year
Deficiency
Addition to
tax
1960
$30,042.30
$15,021.15
1961
63,731.82
31,865.91
1962
30,443.70
15,221.85
1963
85,293.10
42,646.55
Respondent's motion is based mainly on facts set forth in four sets of requests for admissions which petitioner Don B. Reynolds (hereinafter petitioner) failed to answer. The requests were served on petitioner at an address in Canada. At the direction of the Court, the accuracy of that address was verified and confirmed by petitioner's attorney of record who later withdrew from the case. That attorney advised the Court that petitioner had instructed him not to disclose to the Court an address in Switzerland also used by petitioner. We are satisfied that every reasonable measure has been taken to give petitioner full opportunity to answer the requests for admissions. The issues presented for decision *265 are as follows: (1) Whether there are deficiencies in petitioner's Federal income tax in the amounts set forth in the foregoing table; (2) Whether any part of the underpayment of tax for any of the years in controversy was "due to fraud" within the meaning of section 6653(b); and (3) Whether the assessment of the disputed deficiencies for 1960, 1961, and 1962 is barred by the statute of limitations prescribed by section 6501(a). AdmittedFacts
At the time each petition was filed, petitioner was living outside the United States. He and Geraldine M. Wilkinson, his former wife, timely filed joint Federal income tax returns for the years 1960, 1961, 1962, and 1963 with the District Director of Internal Revenue, Baltimore, Maryland. The motion for summary judgment, however, relates only to petitioner's liability. Petitioner was college-educated and had attained the rank of major in the United States Air Corps before separating from military service on April 5, 1946. Following his return from reactivated service during the Korean war, petitioner was employed as an insurance salesman for the Equitable Life Assurance Society of the United States and remained as a salesman-broker *266 until 1963. In 1955, petitioner formed his own insurance sales corporation, Don Reynolds Associates, Inc. (hereinafter DRA, Inc.). He, in conjunction with other associates, operated this business from the date of its incorporation until 1963. Between 1960 and 1963, petitioner obtained various business clients and received substantial insurance commissions and other monies. He also received business income from the United Brotherhood of Carpenters and Joiners of America. He diverted a substantial amount of this income from DRA, Inc. to his personal accounts. During 1960 through 1963, petitioner cashed checks payable to DRA, Inc., and spent the proceeds for his own personal use and benefit. This method was used to disguise his receipt of such funds in order to avoid or defeat the payment of his Federal income taxes for those years. Petitioner intermingled corporate funds of DRA, Inc. with his own personal funds so as to confuse the identity of such funds for tax purposes and thereby further defeat or avoid the payment of his Federal income taxes for 1960 through 1963. Petitioner failed to deposit all of DRA, Inc.'s corporate income in corporate bank accounts in order to *267 make it difficult to discover his personal use of those monies, and further defeat or avoid payment of his personal Federal income tax liabilities for 1960 through 1963. During respondent's investigation, petitioner was uncooperative and uninformative. Eventually, he removed himself from the United States in order to avoid disclosing information concerning the reporting of his income for 1960 through 1963. Petitioner failed to keep or failed to disclose books and records on behalf of himself and on behalf of DRA, Inc. in order to impede respondent in his efforts to discover petitioner's omitted income for 1960 through 1963. Following contact with him by revenue agents, petitioner instructed his accountant, Milton L. Hauft, to dispose of petitioner's records in order to avoid discovery of his omissions of income for 1960 through 1963. Petitioner also failed to comply with respondent's summons to produce various records of DRA, Inc., in order to defeat or avoid the payment of his personal Federal income tax liabilities for 1960 through 1963. Petitioner made misleading statements that he had disbursed large amounts of cash to third persons which in fact were used for his own *268 personal purposes. These statements were made for the purpose of concealing his personal income in an effort to further defeat or avoid the payment of his Federal income tax liabilities for 1960 through 1963. Due to petitioner's consistent failure to cooperate with respondent's agents and his failure to furnish books of account and other records of his financial transactions, the revenue agent was compelled to reconstruct petitioner's income by utilizing bank and savings account deposits and withdrawals on petitioner's personal and corporate accounts, as well as all other sources of information available to him. The following table sets forth the amounts and sources of petitioner's unreported taxable income, reported taxable income, and corrected taxable income for 1960 through 1963: [2]/ 1960
1961
1962
1963
EXPLANATION
UNREPORTED INCOME FROM
DON REYNOLDS ASSOC. INC. THRU
- DIVERTED CORPORATE CHECKS
7,000.00
7,276.10
72,088.78
- CASH WITHDRAWALS
29,033.37
77,054.64
34,800.95
44,500.00
- CONVERTED CORPORATE CHECKS
300.59
626.69
56.90
- UNREPORTED SALARY
2,089.25
3,000.00
- PAID, PERSONAL EXPENSES
6,539.16
5,572.01
5,478.00
4,163.68
92,342.59
50,555.05
INTEREST INCOME
547.43
20.26
15.22
PARTNERSHIP
638.30
COMMODITY CREDIT CORP.
463.70
321.68
310.34
EARNED COMMISSIONS
138.00
10.81
7.60
11.40
37,660.55
120,835.68
CAPITAL GAINS
10,845.26
2,007.62
AUTO EXPENSES
656.42
898.04
330.61
1,559.02
SCHEDULE C - BUSINESS EXPENSE
3,378.45
2,684.80
750.00
750.00
FARM EXPENSES
2,052.80
2,075.00
2,167.36
2,175.00
NON-BUSINESS DEDUCTIONS
897.78
699.78
634.91
1,559.36
INTEREST INCOME
(1,285.43)
ORDINARY LOSS
(455.40)
COMMODITY CREDIT CORP.
(249.36)
NET INCREASE TO INCOME
55,491.26
99,754.29
54,320.73
126,629.70
TAXABLE INCOME REPORTED
18,780.00
22,236.85
20,352.67
22,239.63
TAXABLE INCOME CORRECTED
74,271.26
121,991.14
74,673.40
148,869.33
*269 Opinion
Rule 121(b) of the Rules of Practice and Procedure of this Court provides in part as follows: A decision shall * * * be rendered if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. * * * Respondent's motion for summary judgment is supported by his four unanswered requests for admissions and lengthy testimony by a revenue agent who explained certain exhibits attached to the requests for admissions. This agent had primary responsibility for the audit of petitioner's tax returns, and the notices of deficiency were *270 based on his work papers. Since petitioner filed no response to respondent's motion for summary judgment, under Rule 90(c) of the Rules of Practice and Procedure of this Court the material facts stated in respondent's requests for admissions are deemed to be admitted. . Although not under a burden of proving the amount of the deficiencies in petitioner's Federal income taxes for 1960, 1961, 1962, and 1963, the facts which stand admitted establish such amounts. Thus we find that there are deficiencies due from petitioner for the years and in the amounts noted above. With regard to the issue of fraud, respondent has the burden of proving fraud by clear and convincing evidence. ; . The facts deemed admitted are also sufficient to sustain this burden. Petitioner's education and business background support the inference that he knew the unreported amounts of income were taxable. His failure to keep or make available adequate records and his instruction to his accountant to destroy certain *271 papers reflect an intent to conceal his true income. Petitioner's diversion of funds from DRA, Inc., in lieu of declaring dividends, shows an intent to avoid or defeat the payment of his income taxes during all of the years at issue. His intermingling of DRA, Inc.'s funds with his own in order to confuse the identity of his income is further evidence of his efforts to defeat or avoid the payment of taxes. Petitioner's consistent and substantial understatements of income in all four years are highly persuasive evidence of fraud. See , affg. a Memorandum Opinion of this Court; , affd. ; , affg. a Memorandum Opinion of this Court. Finally, petitioner's false and misleading statements made to revenue agents indicate an effort to hide the true facts concerning his income. See . Accordingly, we find that petitioner filed false and fraudulent returns for the years in issue *272 and that at least part of the deficiencies were due to fraud with intent to evade tax. Thus, there are additions to tax owing by petitioner in the amounts set forth above. Since we have determined that petitioner's income tax returns for 1960 through 1963 were false or fraudulent, respondent's notices of deficiency for 1960, 1961, and 1962 were timely [3]/ under the provisions of section 6501(c)(1) or 6501(c)(2) or both. [4] Moreover, while there can be no serious question as to petitioner's fraud, respondent has established that petitioner omitted from his gross income for 1960, 1961 and 1962 amounts in excess of 25 percent of gross income stated on each respective return. Accordingly, respondent's notices of deficiency, having been issued within 6 years of the filing of such returns for such years, were timely under section 6501(e). *273 In the light of the record before us, we find that there is no genuine issue of material fact and hold that the respondent is entitled to prevail as a matter of law. Therefore respondent's motion for summary judgment will be granted. Appropriate orders and decisions will be entered. Footnotes
1. /↩ All section references are to the Internal Revenue Code of 1954, as in effect during the tax years in issue.
2. /↩ Respondent's statutory notice of deficiency for each of the years here at issue reflected the amounts and sources set forth in this table. Respondent mailed his statutory notice of deficiency for 1960 on Apr. 12, 1967; his statutory notice of deficiency for 1961 was mailed on Apr. 5, 1968; his statutory notice of deficiency for 1962 was mailed on June 27, 1968; and his statutory notice of deficiency for 1963 was mailed on Apr. 12, 1967.
3. /↩ The timeliness of respondent's notice of deficiency for 1963 was not disputed. 4. Sec. 6501(c) provides, in part as follows: (c) Exceptions.-- (1) False return.--In the case of a false or fraudulent return with the intent to evade tax, the tax may be assessed, or a proceeding in court for collection of such tax may be begun without assessment, at any time. (2) Willful attempt to evade tax.--In case of a willful attempt in any manner to defeat or evade tax imposed by this title (other than tax imposed by subtitle A or B), the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time.↩